United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVILA BARRIENTOS ALEJANDRO,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, *et al*.,<br>Respondents. | Case No. 1:26-cv-04976<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: ECF Nos. 1, 9 |

Before the Court is Petitioner Davila Barrientos Alejandro's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondents' Motion to Dismiss (ECF No. 9). Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, he maintains that he was erroneously denied release on bond, and that his continued detention violates due process. For the reasons that follow, the Court GRANTS the petition and orders his release.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of Peru who entered the United States on or around December 17, 2001, pursuant to a tourist visa. ECF No. 1 ¶ 18. His visa expired shortly after, and he did not seek immigration relief prior to his recent arrest by U.S. Immigration and Customs Enforcement ("ICE"). *Id*. Petitioner does, however, intend to file for cancellation of removal. *Id*. He shares two children, both of whom are United States citizens, with his partner of thirty years. *Id*. ¶ 22. Prior to his detention, he was the sole financial provider for his family. *Id*.

On March 7, 2026, Petitioner was pulled over by Florida Highway Patrol for a minor traffic infraction. ECF No. 9-1 at 2. After inquiring into Petitioner's immigration status, highway patrol took him into custody and transferred him to ICE. *Id*. Aside from this minor traffic

incident, Respondents have not submitted any evidence, such as a RAP sheet, indicating that Petitioner has any criminal history.[1]

On March 30, 2026, Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") and was denied bond on a finding that Petitioner was a flight risk. *See* ECF No. 9-2 at 1. The written order consists of a checked box indicating "Denied, because Flight risk." *Id.* The full transcript sheds additional light on the IJ's finding. During the hearing, the IJ questioned Petitioner's counsel about the relationship Petitioner had with his children and whether they lived with Petitioner as, according to the IJ, these facts were relevant to whether Petitioner could be entitled to cancellation of removal through a 42B application. ECF No. 18-1 at 6–7. Petitioner's counsel was unable to answer these basic questions. *Id.* On this point, the following colloquy occurred:

> IJ TO COUNSEL: Does – does the [Petitioner] and his children live under the same roof?
>
> COUNSEL TO IJ: I'm not sure, Your honor, no. I don't know.
>
> IJ TO COUNSEL: I'm looking at the mother – at the letter from the kids' mother, and it says that the [Petitioner] takes the kids to and from school and spends time with the kids during the weekend. I'm a little confused as to whether he spends time with his children on the weekends – and takes them to school. And that's pretty much the extent of – of their relation. Or they live under the same roof as a family, which may be relevant to the 42B application. So also from the – from the documents the [Petitioner submitted], I don't – I don't see any particular hardship. I think at this time this 42B is kind of speculative. I'm concerned with – with the address that he listed.

*Id.* at 7–8. Despite the IJ's apparent confusion on the facts presented in the documents, he did not question Petitioner or Petitioner's counsel to clarify. Based on this, the IJ found as follows:

> All right. [Petitioner], I will find that the – the [Petitioner] has failed to meet his burden of proof that he's not a flight risk. And that's – the speculative relief that – that he indicated, that's one of the main reasons for the Court's finding.

*Id.* at 8. Petitioner reserved his right to appeal the decision, however, it appears no appeal was filed.

---

[1] Petitioner's Form I-213 notes that he may have been arrested for assault in 2002, but the charge was dropped. ECF No. 9-1 at 2.

Following this denial, Petitioner obtained different counsel and then moved for another custody redetermination hearing. *See* ECF No. 9-2; ECF No. 18-2 at 3–4. That motion was considered by an IJ on June 24, 2026. *Id*. At the hearing, Petitioner's counsel argued that there was material information missing from the record during the first custody redetermination hearing regarding Petitioner's fixed address and his relationship with his children. ECF No. 18-2 at 5–6. He also sought to present a witness who was not available at the first hearing. *Id*. at 6. But the IJ did not consider this evidence and instead denied Petitioner's request for a second custody redetermination hearing, finding that this evidence and testimony should have been presented at the first hearing. *Id*. at 7.

Petitioner has now been detained for over seven months. Neither party has provided the Court with information regarding the status of Petitioner's removal proceedings, however, the EOIR docket indicates that no IJ has ordered Petitioner removed. As such, any removal proceedings remain pending and indefinite.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents move to dismiss the petition, arguing that Petitioner must exhaust his administrative remedies by appealing his bond order to the Board of Immigration Appeals ("BIA")

before seeking relief in habeas. *See* ECF No. 9 at 1–4. In reply, Petitioner argues that exhaustion should be excused because the hearing he received was constitutionally inadequate given that the IJ placed the burden on Petitioner at the hearing and failed to consider his testimony or alternatives to detention that would mitigate risk of flight. ECF No. 18 at 2–4. For the reasons that follow, the Court finds that Petitioner's due process rights have been violated, entitling him to release.

**A. Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

Even assuming that the *Puga* factors favor exhaustion here, the Court finds that waiver is appropriate. "Petitioner is challenging the constitutional adequacy of the bond hearing and the bond redetermination hearing." *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr.*, No. 5:26-CV-04093-DTB, 2026 WL 2876062, at *7 (C.D. Cal. Sept. 24, 2026) (waiving exhaustion requirement where IJ failed to correctly apply the relevant legal standard to the facts in denying bond); *see also Vasquez v. Warden, California City Immigration Processing Ctr.*, No. 1:26-CV-04482-DJC-SCR, 2026 WL 2676859, at *3 (E.D. Cal. Sept. 11, 2026), *report and recommendation adopted sub nom. Santibanez Vasquez v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04482 DJC SCR, 2026 WL 2793606 (E.D. Cal. Sept. 17, 2026) (waiving exhaustion requirement where petition presented constitutional challenge to IJ's bond

determination). Where the Petition presents constitutional due process concerns, "the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1079 (W.D. Wash. 2026). Therefore, Petitioner was not required to exhaust his administrative remedies before proceeding with his Petition in this Court. *Poot v. Mullin*, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *5 (C.D. Cal. Sept. 9, 2026) (waiving exhaustion requirement where Petitioner presented constitutional challenge to IJ's flight risk determination).

**B. Due Process**

In constitutional challenges to an IJ's detention determination, a habeas court reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court['s] ... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610 at *4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)).

"To determine whether [a noncitizen] is a danger to the community or a risk of flight, an IJ weighs nine factors under BIA precedent." *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37 (BIA 2006)). "The nine factors an IJ 'may' consider 'include any or all of the following:' (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States."

*Id.* Further, for a Petitioner's detention to be justified by reason of flight risk, there must be some consideration of whether any bond amount or alternative release conditions could ensure his appearance at future immigration proceedings. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

Here, the IJ abused his discretion in denying Petitioner's release for two reasons. First, based on the transcript of Petitioner's custody redetermination hearing, the IJ only considered one of the nine *Matter of Guerra* factors, specifically factor three: "the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future[.]" *Martinez*, 124 F.4th at 783. Indeed, the only fact the IJ considered relevant was Petitioner's purportedly "speculative" application for immigration relief. *See* ECF No. 18-1 at 8. The IJ abused his discretion by relying exclusively on his assessment that Petitioner's application for immigration relief was speculative, without considering any other factors As another court in this district has opined:

> IJs misapply the relevant legal standard when their flight risk determination relies solely on the procedural posture and predicted outcomes of a noncitizen's pending immigration proceedings, because even if the IJ's predictions about the likelihood that a noncitizen will obtain the relief he is seeking are correct, the real question is whether the noncitizen poses a flight risk that cannot be mitigated.

*Henry A.V.L. v. Warden of the Central Valley Annex Detention Facility*, et al., No. 1:26-CV-03354-MWJS, 2026 WL 1999944, at *3 (E.D. Cal. July 10, 2026) (internal quotation omitted). And compounding this problem, the IJ based his finding that Petitioner's application for immigration relief was "speculative" in part on his confusion surrounding Petitioner's relationship with his children. *See* ECF No. 18-1 at 7-8. But he did not question Petitioner, or Petitioner's counsel, to clarify this confusion.

Second, the IJ failed to consider any alternatives to detention that could mitigate this purported flight risk. It was error for the IJ to find that Petitioner was such a serious flight risk that no amount of bond was appropriate "without 'engag[ing] in any meaningful analysis of potential alternatives to detention, such as a GPS ankle monitor, home detention, enrollment in the Intensive Supervision Appearance Program ("ISAP"), or other reporting requirements as part of

the flight risk calculus.'" *Heboud v. Blanche*, No. 5:26-CV-03484-KS, 2026 WL 2494985, at *6 (C.D. Cal. Aug. 24, 2026) (quoting *Alvarez Felix v. United States Dep't of Just.*, No. 2:26-CV-03304-HDV-AYP, 2026 WL 1719418, at *3 (C.D. Cal. June 10, 2026)). Indeed, at the outset of the bond hearing, the Government indicated that if release is granted, bond and conditions of release should be ordered. ECF No. 18-1 at 5–6. Yet the IJ did not consider bond or any other alternatives to detention. "If alternatives can mitigate risks and protect the government's interests, then detention (instead of one of those alternatives) is excessive in relation to those interests[.]" *Doe v. Becerra*, 732 F. Supp. 3d 1071, 1088 (N.D. Cal. 2024). Where "no serious consideration was given to alternatives to detention, a necessary component of the due process analysis in the context of bond determinations[,]" an IJ abuses its discretion. *Alvarez Felix*, 2026 WL 1719418, at *2.

For these reasons, the Court finds that the IJ abused his discretion in finding that Petitioner was a flight risk, which no amount of bond or alternatives to detention could mitigate. Accordingly, Petitioner is entitled to relief on his due process challenge.

**C. Remedy**

"Upon determining that an IJ provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velasquez v. Bondi*, No. 26-CV-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases); *see also Bhim Raj KC v. Chestnut*, No. 1:26-CV-03159-TLN-SCR, 2026 WL 2099279, at *3 (E.D. Cal. July 21, 2026) (ordering release as opposed to another bond hearing); *Kumar v. Warden*, No. 1:26-CV-00035-KES-CDB, 2026 WL 2078191, at *6 (E.D. Cal. July 17, 2026) (collecting cases ordering release and new bond hearings). Having reviewed the record, the Court finds that "[n]o purpose would be served by requiring petitioner to endure another bond hearing and additional time in custody." *See Lara v. Hernandez*, No. C26-0747 TSZ, 2026 WL 1758643, at *5 (W.D. Wash. June 18, 2026). Here, Petitioner has now been detained for over seven months without adequate due process, and without an IJ ruling on Petitioner's initial charge of removability. Accordingly, release is the appropriate remedy. *See,*

*e.g.*, *Cruz-Acevedo v. Scott*, No. 2:26-CV-01654-LK, 2026 WL 1623154, at *8-9 (W.D. Wash. June 5, 2026) (finding release was the appropriate remedy where IJ abused its discretion in finding Petitioner was a flight risk); *Shirley v. Scott*, No. 2:26-CV-02980-BAT, 2026 WL 2833676, at *5 (W.D. Wash. Sept. 22, 2026) (similar).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED. Respondents shall release Petitioner within five days. Petitioner's release may include a reasonable and appropriate bond or other conditions, if ordered by an IJ. The Clerk of Court is directed to enter judgment for Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: October 16, 2026

Noël Wise
United States District Judge